UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDUANIS LOMBILLO DIAZ,

Petitioner,

v. Case No. 3:26-cv-500-MMH-SJH

WARDEN, BAKER CORRECTIONAL INSTITUTION, et al.,

Respondents.

---

**ORDER**

Petitioner Eduanis Lombillo Diaz, an immigration detainee, is proceeding through counsel on a Second Amended Petition for Writ of Habeas Corpus (Doc. 7; Second Amended Petition). Diaz is a citizen of Cuba who entered the United States in 2022. Id. at 2. On February 12, 2026, local law enforcement detained Diaz during a traffic stop and transferred him into the custody of United States Immigration and Customs Enforcement (ICE). Id. at 2–3. While ICE initially detained Diaz at Baker Correctional Institute, it transferred him to a facility in Louisiana on June 5, 2026. See Notice of Transfer and Motion to Order Return (Doc. 17) at 1. Diaz raises various challenges to his immigration detention and seeks, inter alia, either immediate

release or an individualized bond hearing. See Second Amended Petition at 4–5.

Respondent Warden filed a Motion to Dismiss (Doc. 16), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 15; Response) asserting that they are now detaining Diaz under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Second Amended Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Diaz failed to reply, instead he filed an Emergency Notice of Supplemental Authority and Motion for Immediate Ruling (Doc. 13). He contends that Hernandez Alvarez is applicable and asks the Court to direct that he be afforded an individualized bond hearing or, in the alternative, order his immediate release. Id. at 3.

As a preliminary matter, the Court retains jurisdiction, despite Diaz's transfer, because Diaz was detained within the Middle District of Florida when he initiated this action. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction

who has legal authority to effectuate the prisoner's release."); see, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). While the Court appreciates that Diaz's transfer may impede his ability to participate in his own defense, this case will likely not require further litigation because it is ripe for review. As such, Diaz's request to be returned to the Middle District of Florida is denied.

As to the substantive issue, when Diaz was detained in February 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Therefore, the Second Amended Petition is due to be granted as to Diaz's claim that his dentition without an individualized bond hearing violates the Immigration and Nationality Act.

Accordingly, it is **ORDERED**:

1. Diaz's Second Amended Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED** as to his claim that his detention without an individualized

bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Diaz an individualized bond hearing Diaz consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Diaz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 16) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. Diaz's Notice of Transfer and Motion to Order Return (Doc. 17) is **DENIED**.

4. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Second Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] Because the Court finds that Diaz is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Jax-9 7/17
c:
Counsel of Record